U.S. Department of Homeland Security
John F. Kennedy Federal Building
Boston, MA 02203



**U.S. Immigration and Customs Enforcement**

June 28, 2005

Hon. Nathaniel M. Gorton
United States District Court
1 Courthouse Way
Suite 3110
Boston, Massachusetts 02210

U.S. DISTRICT COURT

JUN   2005

RECEIVED

Re: <u>United States v. Reinaldo Rosa Silva; CR04-40016</u>

Dear Judge Gorton:

I have received your letter dated June 13, 2005, regarding the matter of Reinaldo Rosa Silva (CR04-40016), and am writing to answer the Court's concerns expressed therein.

The Court has indicated that it sentenced Mr. Silva to time served in December 2004 "with the prospect of immediate deportation." In fact, as the Court has pointed out in its letter, Mr. Silva was removed from the United States on May 19, 2005. The Court has expressed that this is an unacceptable delay, and has asked for an explanation. Our office has now completed a review of this matter with the assistance of our legal office.

In sum, it appears that there was an issue of faulty communication of the Stipulated Order of Judicial Deportation somewhere between the U.S. Attorney's Office ("USAO") and U.S. Immigration and Customs Enforcement's ("ICE") administrative file relating to Mr. Silva. The result was that when Mr. Silva came back into ICE custody after his December 2004 sentencing, ICE was unaware that the Court had issued a Stipulated Order of Judicial Deportation. Because it was not known from the administrative file that there was an outstanding and enforceable removal order issued by the Court, administrative removal proceedings against Mr. Silva resumed before an Immigration Judge as usual in order to obtain an administrative removal order.[1]

It is not known whether the USAO did not communicate the fact of the Stipulated Order to ICE, or whether they did communicate it but someone in ICE failed to annotate the administrative file to reflect that a Stipulated Order of Judicial Deportation existed.

---

[1] Mr. Silva had already been placed into removal proceedings before an Immigration Judge at the time of his arrest and detention on the criminal charges in CR04-40016, but his administrative deportation case was closed once Mr. Silva went to the custody of the U.S. Marshal Service on the criminal case.

At any rate, Mr. Silva's administrative removal proceedings resulted in a March 16, 2005, removal order by an Immigration Judge. As far as ICE was aware at that time, this March 16, 2005, deportation order was the *only* removal order in existence. Mr. Silva waived administrative appeal of this deportation order, and efforts began to execute the order of deportation.

In order to deport or remove an alien from the United States, ICE must first receive authorization, or "travel documents", from the country to which an alien will be removed or deported, and requirements differ from country to country for issuance of documents accepting the deportation or removal of an alien from the United States. A request was made to the Brazilian Consulate for travel documents to allow Mr. Silva's removal, and that authorization was issued on April 26, 2005. Mr. Silva was then scheduled for removal, and was removed on May 19, 2005.

From the ICE perspective then, the hiatus from the removal order to actual removal was only from March 16, 2005, to May 19, 2005 -- well within the presumptively lawful period for such deportations as set out by the Supreme Court in Zadvydas v. Davis, et al., 533 U.S. 678, 701 (2001) (holding that detention for 6 months post-order is presumptively a reasonable period within which to effect removal and "for the sake of uniform administration in the federal courts, we recognize that period".).

That said, of course I completely understand the Court's view that because the Stipulated Order of Judicial Deportation was issued in December of 2004, that petitioner was waiting 5 months for removal upon *that* order. And in fact, the Court's bringing this matter to my attention is much appreciated as demonstrating an area where improved communication of important Federal court orders is clearly desirable between ICE and the USAO. As a result of the Court's correspondence in this matter I will be continuing to look for ways to improve coordination and communication of court orders in the future.

In closing, I hope that this letter has explained to the Court's satisfaction the reasons why Mr. Silva was removed when he was, and thank you again for bringing this very important matter to my attention.

Sincerely,

Bruce E. Chadbourne
Field Director
Immigration & Customs Enforcement
U.S. Department of Homeland Security
Boston, Massachusetts